UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED
05 DEC -2 PM 2:27
CLERK, U.S. BANKRUPTCY CT.
EASTERN DIST. OF CA.
SACRAMENTO, CA.

In re:

MICHAEL HAT,

    Debtor(s).

Case No. 04-32497-B-11

Chapter 11.

JOHN VAN CUREN, chapter 11 trustee,

    Plaintiff(s),

vs.

GREAT AMERICAN INSURANCE COMPANY and MICHAEL HAT,

    Defendant(s).

Adv. No. 04-2481-B

D.C. No. GSMD-1

**MEMORANDUM DECISION**

This matter continued from November 1, 2005 to allow the court additional time to analyze the motion. It had previously continued from September 7, 2005 to allow the parties to brief this countermotion. The defendants filed timely opposition and the plaintiff filed a timely reply. The court entertained oral argument on November 15, 2005, following which it took this matter under submission. For the reasons set forth herein, the motion is denied.

//

//

**ANALYSIS**

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and declarations, if any, show that there is "no genuine issue of fact and that the moving party is entitled to judgment as a matter of law."

Plaintiff John Van Curen, chapter 11 trustee, filed this motion for partial summary judgment against defendant Michael Hat seeking a determination in his favor on the same issue as in the defendant's summary judgment motion(DNL-74): whether the crop insurance policies which are the subject of this adversary proceeding are property of the chapter 11 bankruptcy estate. The plaintiff argues that summary judgment is appropriate because the undisputed facts before the court entitle the plaintiff to judgment as a matter of law. Because the court finds there are disputes of material fact, summary judgment is inappropriate and the motion is denied.

The principal section of the Code governing whether an asset is property of the bankruptcy estate is 11 U.S.C. § 541 which states in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the

1  case.

2  . . .

3  (6) Proceeds, product, offspring, rents, or profits of or from property of the
4  estate, except such as are earnings from services performed by an individual debtor
5  after the commencement of the case.

6  (7) Any interest in property that the estate acquires after the commencement of
7  the case.

8  (West 2005).

9  Defendant raised these three subsections in his motion
10 seeking to show that none applies here. Plaintiff ultimately
11 focused his attention on 11 U.S.C. § 541(a)(7) in his reply. The
12 court agrees that the principal focus on this issue is clearly on
13 11 U.S.C. § 541(a)(7). However, the court disagrees with
14 plaintiff's contention that there are no disputed material facts.

15 "[Section 541(a)] defines what interests of the debtor are
16 transferred to the estate. It does not address the threshold
17 questions of the existence and scope of the debtor's interest in
18 a given asset. Under both the Act and the Code, we resolve these
19 questions by reference to nonbankruptcy law." State of
20 California v. Farmers Markets, Inc. (In re Farmers Markets,
21 Inc.), 792 F.2d 1400, 1402 (9th Cir. 1986). Under most
22 circumstances, the applicable non-bankruptcy law is State law.
23 However, here it is a combination of State and Federal Law. The
24 policies at issue here are federally reinsured Multiple Peril
25 Crop Insurance policies. Federal law defines and governs the
26 policy terms and payment of claims. See 11 U.S.C. § 1501, *et*
27 *seq.* and 7 C.F.R. Parts 400 & 457 (2003). The statutes

28                                    -3-

specifically preempt state law but only to the extent that the contracts, agreements or regulations so provide or to the extent that state law conflicts with any contracts, agreements, or regulations issued. 7 U.S.C. § 1506(l).

The Department of Agriculture has promulgated extensive regulations to implement the Federal Crop Insurance Act. One such regulation is found at 7 C.F.R. § 457.8 (2003). It contains an extensive series of provisions incorporated in every Federal Crop Insurance policy issued. One such provision is the definition of "insured."

> Insured. The named person as shown on the application accepted by us. This term does not extend to any other person having a share or interest in the crop (for example, a partnership, landlord, or any other person) unless specifically indicated on the accepted application.

Id.

In most if not all situations, this would be the end of the analysis. However, here the court is faced with an ambiguity. The name of the debtor and, at the time the policies in question were issued, the name of the representative of the bankruptcy estate were the same because this is an individual chapter 11 case. The definition of "insured" only refers to the "named person." It makes no mention of any other identifying characteristic. Both Hat and Great American Insurance Company argue that other information on the application points to Hat personally being the insured. Specifically, they point to the use of his personal social security number. But the social security number is not referenced in the definition of insured.

-4-

The definition only refers to the party's name. The court notes that the Regulation provides no explanation why an identifying number must be included. It only states that the number must be provided in the application for it to be complete and for the crop to be insured. See 7 C.F.R. § 457.8 (2003) [Terms and Conditions, Basic Provisions, ¶ 2(b).]

The court is unable to resolve the aforementioned ambiguity solely by reference to applicable Federal law. No party has identified a portion of the Federal Crop Insurance Act or the Regulations interpreting it that resolves this ambiguity, and the court is unaware of any such provision. The court must therefore look to state law to resolve the issue. At this point, the debtor's actions and intent when he applied for these policies becomes relevant.

It is undisputed that debtor was still serving as debtor-in-possession when he applied for the various crop insurance policies. It is also undisputed that he sought to insure crops that were at that time property of the bankruptcy estate. Finally, it is undisputed that despite this, the insurance applications were filled out using debtor's social security number and made no mention of the bankruptcy estate's tax identification number. The other evidence on this issue is conflicting at best. Hat's initial declaration filed with his motion for summary judgment (Dkt No. 52) implies strongly in paragraph 10 that he acted intentionally in order to purchase the insurance policies for himself. Yet his deposition testimony (Exhibit A to declaration of Merle Meyers filed with this

countermotion (Dkt No. 66, p.12)) states that he never thought about the issue when he purchased the policies. The trustee provides evidence that the defendant did not himself fill out the forms. The trustee also provides evidence that crop insurance forms filled out for the two years prior to the year at issue were also prepared in the defendant's name using his personal social security number. This evidence is relevant to show a pattern under Fed. R. Evid. 406. Proceeds from the prior two years of insurance were paid into the debtor-in-possession account. The court finds itself with conflicting evidence which precludes summary judgment.

The arguments made by the trustee at the November 15, 2005 hearing are not persuasive. The parties should keep in mind that this is a countermotion for summary judgment. There can be no disputes of material fact and, as the trustee is the movant here, the court is required to view the evidence in the light most favorable to the non-moving party: defendant Michael Hat. Shining such a light on the evidence shows it to be in conflict. The court must weigh the evidence to resolve the matter, and that is inappropriate on summary judgment.

The court will issue a separate order that conforms to the court's ruling.

Dated: DEC - 2 2005

Thomas C. Holman
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, _____, in the performance of my duties as Deputy Clerk to the Honorable Thomas C. Holman, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Merle C. Meyers, Esq.
Goldberg Stinnett, Meyers, & Davis P.C.
44 Montgomery St., Ste. 2900
San Francisco CA 94104

M. Bradford Sanders, Esq.
Sanders & Associates, LPA
9122 Montgomery Road, Ste. 201
Cincinnati OH 45242

Thomas H. Armstrong, Esq.
5250 N. Palm Ave., Ste 224
Fresno CA 93704

Victoria Baker, Esq.
Desmond, Nolan, Livaich
& Cunningham
1830 15th Street
Sacramento CA 95814

Michael Hat
P.O. Box 1021
Ripon CA 95366

United States Trustee
U.S. Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

DATE: 12/5/05

_____
Deputy Clerk