FILED

MAY 2 4 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

6

1
2
3
4    UNITED STATES BANKRUPTCY COURT
5    EASTERN DISTRICT OF CALIFORNIA
6    SACRAMENTO DIVISION
7
8
9    In re:                          )    Case No. 04-32497-B-11
                                     )
10   MICHAEL HAT, aka MICHAEL HAT    )
     FARMING COMPANY,                )    Docket Control Nos. HLB-2,
11                                   )    HLB-3
          Debtor.                    )
12   _____)
                                     )
13                                   )
     JOHN VAN CUREN, Trustee,        )    Adv. No. 04-2481
14                                   )
          Plaintiff,                 )
15                                   )
     vs.                             )
16                                   )    Date: March 22, 2006
     GREAT AMERICAN INSURANCE        )    Time: 9:00 a.m.
17   COMPANY, MICHAEL HAT            )
                                     )
18        Defendants.                )
                                     )
19   _____)
                                     )
20   AND RELATED COUNTERCLAIM.       )
     _____)
21

22                         **MEMORANDUM**

23        The judge presiding in the above-captioned bankruptcy case

24   and adversary proceeding referred this adversary proceeding and

25   other related matters to Judge Michael S. McManus for a

26   settlement conference.  After consultation with all parties by

27   Judge McManus' judicial assistant, all parties and their

28   attorneys agreed that the settlement conference would take place



on March 22, 2006 beginning at 9:00 a.m.

Despite having agreed to attend the settlement conference, and despite having agreed to the date, time, and place of the settlement conference, Michael Hat announced that he would not attend the conference because he was required to appear in a state court trial on March 22.  That trial was originally scheduled for a later date but it was advanced at the request of Mr. Hat's attorney to accommodate her schedule.  This was done without consultation with the other parties in this proceeding or this court.

On March 13, Mr. Hat and his attorney filed a motion to continue the settlement conference.  That motion was denied on March 20.  Mr. Hat nonetheless informed the court through his counsel that he would not attend the settlement conference. Given this announcement, and in order to minimize expense to the other parties, the court canceled the settlement conference and set an April 11 hearing to consider sanctions against Mr. Hat.

That hearing was held and Mr. Hat failed to convince the court that he had a good reason for failing to appear at the settlement conference.  Basically, his excuse is the same as offered in his motion for a continuance.  He could not attend the settlement conference because he had a conflicting trial in state court.

This excuse was not a sufficient cause for a continuance and it is not a sufficient excuse to avoid sanctions.  First, the settlement conference was not set unilaterally by the court.  It was set after consultation with all parties and their attorneys. Mr. Hat and his attorney agreed to the date.  Second, the state

2

1  court trial was scheduled after the date set for the settlement

2  conference.  The state court trial was advanced to March 22 even

3  though Mr. Hat knew he had a settlement conference on that date.

4  Third, the state court trial could have been postponed or at

5  least left on its original date, after the settlement conference.

6  While the pregnancy of Mr. Hat's state court attorney is offered

7  as the reason that this was not possible, that attorney was a

8  member of a firm and another attorney could have tried the

9  matter.  The trial concerned an unlawful detainer action.  Such

10  matters are typically not legally or factually complex and are

11  set for trial quickly without permitting a great deal of

12  discovery.  It is difficult to believe that another attorney,

13  whether from the same firm or a different firm, could not have

14  been retained to try the case on the original trial date, after

15  the settlement conference was concluded.  Fourth, if Mr. Hat's

16  state court attorney was unaware of the settlement conference

17  when she advanced the unlawful detainer trial to a conflicting

18  date, then Mr. Hat is at fault for having failed to insure that

19  his several attorneys were aware of what the other was doing.

20  Fifth, by the time Mr. Hat first informed the court and the other

21  parties of his conflict, it was too late to move the settlement

22  conference.  This was due to the number of the parties and

23  attorneys, the out-of-state location of some of them, the

24  unavailability of mutually convenient dates for a continued

25  conference, and the proximity of trial and the necessity of

26  preparing that trial.

27      For these reasons, the court finds and concludes that Mr.

28  Hat's failure to participate in the March 22 settlement

conference was without good cause.  His failure to participate as
ordered is a ground for the imposition of sanctions under Fed. R.
Bankr. P. 7016 and Fed. R. Civ. P. 16(f).  Those sanctions will
be based on the expenses incurred by the other parties in
connection with preparing for and making arrangements to attend
the March 22 conference.

However, because the court was able to arrange another
settlement conference for May 24, it will defer setting the
amount of those sanctions.  This is being done for two reasons.
First, the fact that the settlement conference is moving ahead
may mean that some expenses incurred by the other parties have
not been wasted.  Second, because the sanctions will be payable
to the other parties, the court will give Mr. Hat the opportunity
to include the sanctions within the terms of any settlement.

Dated:  24 May 2006

By the Court

_____
MICHAEL S. McMANUS, Chief Judge
United States Bankruptcy Court

4

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

SEE ATTACHED

Office of the U.S. Trustee
501 I Street #7-500
Sacramento, CA 95814

DATED: 5/25/06

By: _____

**Deputy Clerk**

EDC 3-070 (New 4/21/00)

M. Sanders
9122 Montgomery Rd #201
Cincinnati, OH 45242

Merle Meyers
44 Montgomery St #2900
San Francisco, CA 94104

Timothy Logoluso
2444 Main St #13!
Fresno, CA 93721

Victoria Baker
1830 15th St
Sacramento, CA 95814

Michael Hat
PO Box 1021
Ripon, CA 95366